# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK
### DIVISION

| | |
|---|---|
| JOHN KENNEDY,<br><br>-against-<br><br><br><br><br><br>1515 BROADWAY OWNER LP and<br>ICON PARKING SYSTEMS, LLC, | **Complaint for a Civil Case Alleging Negligence**<br>(28 U.S.C. § 1332; Diversity of Citizenship)<br><br>Case No. _____<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial:   ☑ Yes   ☐ No<br>*(check one)* |

Dated: New York, New York
       November 6, 2019

SAKKAS, CAHN & WEISS, LLP

*[signature]*

ADAM D. CAHN, ESQ.
*Attorneys for Plaintiff*
110 E. 42nd Street, Suite 1508
New York, New York 10017
(212) 571-7171

## PARTIES TO THE COMPLAINT

1. At all times hereafter mentioned, the plaintiff, JOHN KENNEDY, is a resident at 12 Alpine Trail, Tinton Falls, New Jersey 07712.

2. At all times hereinafter mentioned, 1515 BROADWAY OWNER LP (hereinafter "1515") was a foreign limited liability company, duly organized and existing under and by virtue of the laws of the State of Delaware.

3. At all times hereinafter mentioned, ICON PARKING SYSTEMS, LLC (hereinafter "ICON") was a foreign limited liability company, duly organized and existing under and by virtue of the laws of the State of Delaware.

## BASIS FOR JURISDICTION

4. This Court has jurisdiction over this case pursuant to 28 USC §1332(a)(1) in that there exists complete diversity of citizenship between the plaintiff and the defendants, and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

5. This Court is a proper venue for this case pursuant to 28 USC §1391(b)(2) in that the Southern District of New York is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS OF THIS CASE

6. This is a slip and fall case arising from the defendant's negligent failure to clear snow and ice.

7. The events giving rise to this lawsuit occurred on December 28, 2017 at 1511-15 Broadway, City, County and State of New York.

8. At all times hereafter mentioned, defendant 1515 BROADWAY OWNER LP is the owner of a certain premises known and designated as 1511-15 Broadway, in the City, County and State of New York.

9. That at all times hereafter mentioned Defendant, ICON PARKING SYSTEMS, LLC was conducting business as a parking garage, and opened to the public, at 1511-15 Broadway, in the City, County and State of New York.

10.     That at all times hereinafter mentioned, the defendants were under a duty to operate, maintain, manage, control, repair, inspect and clean aforesaid premises in a safe condition, which included a driveway apron on 45th Street, which extended across the public sidewalk, so as not to cause injury to those persons lawfully traversing upon said premises.

11.     That at all times hereinafter mentioned, the defendants had a duty under Section 7-210 of the New York Administrative Code to maintain said sidewalk in a reasonably safe condition, which duties required the removal of snow, ice, dirt and other materials from said sidewalk.

12.     That at all times hereinafter mentioned, the plaintiff JOHN KENNEDY, was a lawful pedestrian at the aforesaid location.

13.     That on or about 8:15 a.m. on December 28, 2017, the plaintiff was lawfully and properly walking along 45th Street and on the driveway apron in front of 1511-15 Broadway, which was being used as an ingress/egress for ICON PARKING SYSTEMS, LLC, and more particularly attempting to aid another pedestrian that was lying ill or injured on said driveway apron, when he slipped and fell due to the dangerous, defective and negligent conditions thereat.

14.     That as a result of the foregoing, the plaintiff, JOHN KENNEDY, sustained serious, severe and grievous personal injuries.

## FIRST CAUSE OF ACTION

15.     That the aforesaid occurrence and resultant injuries to plaintiff a were caused wholly and solely, through and by reason of the carelessness, recklessness and negligence of the Defendant its agents, servants and/or employees, in the ownership, operation, management, maintenance, supervision and control of the aforesaid location; in causing, permitting and/or allowing snow, ice, and other substances of a wet and/or slippery nature and other debris to be, become, remain and accumulate on the driveway apron; in failing to remove snow and ice from said apron; in only partially removing snow and ice from said area; in failing to sand; in failing to salt; in failing to shovel or plow; in failing to provide a safe entrance and exit; in failing to put warning signs that the area was dangerous; in failing to give plaintiff an opportunity to avoid this occurrence; in being aware of said dangerous condition and failing to correct it; in being aware

of the slippery condition and allowing the plaintiff to traverse the area without first remedying the condition; in failing to look; in failing to see; in failing to properly train and/or adequately train personnel in the safe and proper execution of their job; in failing to inspect the aforesaid area; in failing to place any signs, barricades or other warnings thereat; in failing to advise the claimant and other patrons of the dangerous conditions existing thereat; in maintaining a trap, hazard and/or nuisance; in that they created the aforesaid dangerous and hazardous conditions; in allowing the foregoing to exist with notice; in that they should have had notice of the foregoing; in failing and neglecting to provide a safe environment for the persons lawfully at the aforesaid premises, and more specifically for the claimant herein; in failing to take all necessary steps to repair, remedy and otherwise rectify the aforesaid dangerous and hazardous conditions; in violating the applicable laws, rules, statutes, ordinances and regulations in such cases made and provided including, but not limited to the Commercial Property Laws; in failing to exercise reasonable care and prudence in the premises and all without any fault or lack of care on the part of the plaintiff contributing thereto; and in that they were otherwise careless, reckless and negligent and failed to exercise reasonable care and prudence for the premises and all without any fault or lack of care on the part of claimant contributing thereto.

16. That as a result of the aforesaid occurrence, plaintiff JOHN KENNEDY sustained serious personal injuries to his right leg and other body parts, some of which are permanent; that he was unable to pursue his usual business and recreational activities for some time; that he was confined to bed and home for some time; that he has been compelled to submit himself to hospital, and has undergone medical care and attention, and incurred various sums of money therefore to treat his injuries and that he has been compelled to suffer physical pain, mental anguish and emotional distress and will sustain a loss of the enjoyment, pleasures and pursuits of life.

17. That by reason of the aforesaid, the plaintiff JOHN KENNEDY has been damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

WHEREFORE, the plaintiff demands judgment against the defendants for a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter; together with the costs and disbursements of this action, attorney's fees and any other relief which this Court deems just and proper.

Dated: New York, New York
      November 6, 2019

ADAM D. CAHN, ESQ.
Bar Number:
SAKKAS, CAHN & WEISS, LLP
Attorneys for Plaintiff
110 E. 42nd Street, Suite 1508
New York, New York 10017
(212) 571-7171

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Docket No.:

JOHN KENNEDY,

                        Plaintiff,

-against-

1515 BROADWAY OWNER LP and
ICON PARKING SYSTEMS, LLC,

                        Defendants.

## *COMPLAINT*

**SAKKAS, CAHN & WEISS, LLP**
110 E. 42nd Street, *Suite 1508*
*New York, NY 10017*
*(212) 571-7171*
*(212) 571-7174*